## STANDARD PAVING CO. v. NORRIS et al.

No. 26560.    April 7, 1936.

Allen, Underwood & Canterbury and Paul Pinson, for plaintiff in error.

M. W. Pugh and John L. Gleason, for defendants in error.

CORN, J. This action was commenced in the district court of Oklahoma county, by C. N. Norris and Ike Crotts, as plaintiffs, against the Standard Paving Company, a corporation, et al., as defendants, the purpose of the action being to recover a balance alleged to be due them on a certain contract for trucking road building materials used in a state highway paving project. They were subcontractors under the Standard Paving Company, the general contractor. The defendant filed an answer and cross-petition pleading a set-off arising out of the following provision of the contract sued upon, to wit:

"In case any action at law or suit in equity is brought against party of the first part or against the state of Oklahoma or any of its officers and/or agents for and on account of the failure, omission or negligence of the party of the second part or its agents, servants and/or employees to do or to perform any of the covenants, acts, matters and things by this contract undertaken or agreed to be done and performed by party of the second part, or for any injury or damage caused by negligence or alleged negligence of party of the second part, its agents, servants or employees, the party of the second part shall indemnify and save harmless party of the first part and/or the state of Oklahoma. its officers and agents of and from all loss, damages, expenses, judgments, decrees or costs whatsoever arising out of such action, suits or claims as may be asserted aforesaid."

The set-off consisted of an award and judgment of the State Industrial Commission, wherein the Standard Paving Company was ordered to pay, and did pay, one of its employees compensation for injuries sustained by reason of the alleged negligence of the plaintiffs.

The trial court rendered judgment upon the pleadings without a trial upon the issue of negligence relative to the set-off pleaded by the said defendant, Standard Paving Company, and dismissed the cross-petition of said defendant, and rendered judgment in favor of the plaintiffs for the balance claimed to be due under said contract. From this judgment of the court, the defendant, Standard Paving Company, brings this appeal. The parties will be referred to herein as designated in the trial court.

The judgment of the trial court was rendered on the theory that the cause of action set out in the set-off pleaded by the defendant, Standard Paving Company, was a cause of action for tort based upon the alleged negligence of an employee of the plaintiffs, and that if the defendant, Standard Paving Company, was entitled to recover on account of the matter set forth in the set-off, it was entitled to recover only by right of subrogation to the rights of its injured employee.

This theory of the case disregards the contract between the parties, the purpose of which was to protect the defendants against damages and losses caused by the negligence of the plaintiffs, their agents, servants and employees. The set-off is founded upon contract, and in fact the same contract upon which the plaintiffs' action is founded, and the amount of the set-off claimed had been ascertained and fixed by the decision and judgment of the State Industrial Commission, and unquestionably it is a proper set-off under the provisions of section 208, O. S. 1931, and under the terms of the contract; provided, however, the injury or damage was caused by the negligence of the plaintiffs, their agents, servants or employees, as provided in the contract between the parties.

The plaintiffs, in their reply to the defendant's cross-petition, deny that the loss occasioned by the injury to said employee was caused by their negligence, but on the contrary it was caused by the negligence of the defendant, Standard Paving Company, its agents, servants and employees, and the contributory negligence of the injured employee. This raised a question of facts which should have been tried and determined, and we are of the opinion that the trial court committed error in dismissing the cross-petition of said defendant and

rendering judgment for plaintiffs as aforesaid.

The judgment of the trial court is therefore reversed, and this cause is remanded, with directions to take further proceedings in said cause not inconsistent with the views expressed herein.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.